UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOAO ALEXANDRE DOS REIS FRANCO,

    Petitioner,

v.

CRAIG MEYER, et al.,

    Respondents.

Case No. 25-cv-09480-EKL

**ORDER TO SHOW CAUSE**

Re: Dkt. No. 1

    Petitioner Joao Alexandre dos Reis Franco is a citizen of Brazil who was lawfully admitted to the United States on a B-2 nonimmigrant visa in January 2020. *See* Pet. for Writ of Habeas Corpus ¶ 15, ECF No. 1 ("Petition"). Petitioner alleges that he was granted an extension of his B-2 visa status through "early 2021," and that he has "resided continuously in the United States since that time[.]" *Id.* ¶¶ 24-26. In March 2025, Petitioner and his spouse, a U.S. citizen, filed Form I-130 (Petition for Alien Relative) and Form I-485 (Application to Register Permanent Residence or Adjust Status) on Petitioner's behalf. *Id.* ¶ 27.

    On November 3, 2025, Petitioner and his spouse appeared for Petitioner's marriage-based adjustment of status interview at the United States Citizenship and Immigration Services ("USCIS") San Francisco Field Office. *Id.* ¶ 28. Following the interview, Petitioner was arrested by United States Immigration and Customs Enforcement ("ICE") agents for allegedly being present in the United States without authorization. *Id.* ¶ 29. On the same day, Petitioner's counsel filed the Petition, naming as Respondents Field Office Director for ICE Enforcement and Removal Operations Craig Meyer; Field Office Director for USCIS Robin Barrett; the United States Department of Homeland Security ("DHS"); Secretary of DHS Kristi Noem; United States Attorney General Pamela Bondi; and Director of USCIS Joseph Edlow (collectively

"Respondents"). Pet. ¶¶ 16-21. Petitioner represents that his application to adjust status remains pending before USCIS and that he has not received a written notice of removal proceedings nor is he aware of a final order of removal being issued against him. *Id.* ¶¶ 26, 30. Petitioner therefore claims that his detention violates his Fifth Amendment due process rights and is unlawful under the Immigration and Nationality Act ("INA"), as well as the Administrative Procedure Act ("APA"). *Id.* ¶ 35.

The Court may entertain a petition for writ of habeas corpus from a person claiming to be "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243; *see also Wright v. Dickson*, 336 F.2d 878, 881 (9th Cir. 1964) ("Unless a petition for habeas corpus reveals on its face that as a matter of law the petitioner is not entitled to the writ, the writ or an order to show cause must issue." (citing 28 U.S.C. § 2243)). Here, Petitioner alleges that he is being detained without due process in violation of his Fifth Amendment rights and in contravention of the INA and APA. These allegations are sufficient to require Respondents to show cause regarding why the Court should not issue a writ of habeas corpus.

Accordingly, the Court ORDERS as follows:

1. The Petitioner shall serve a copy of the Petition and this Order upon Respondents and their counsel such that they receive actual notice as soon as practicable. Petitioner shall file proof of service within one day of completing service.

2. Within three days after Respondents are served with the Petition and this Order, Respondents shall file an answer responding to the allegations in the Petition. The response shall show cause as to why a writ of habeas corpus should not be issued. Respondents must file with the answer a copy of all documents that are relevant to a determination of the issues presented by the Petition.

3. After receiving the answer, the Court will set a hearing.

4. If Petitioner wishes to respond to Respondents' answer, he must do so by filing a traverse within two days after being served with the answer.

5. The parties may stipulate to amend these deadlines by filing a proposed order for the Court's consideration.

6. No later than November 5, 2025, at 5:00 p.m., Petitioner shall file a signed verification form for the Petition pursuant to 28 U.S.C. § 2242.

**IT IS SO ORDERED.**

Dated:  November 4, 2025

_____
Eumi K. Lee
United States District Judge

3